IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, NATIVE ECOSYSTEMS COUNCIL,<br><br>Plaintiffs,<br><br>vs.<br><br>FAYE KRUGER, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and U.S. FISH AND WILDLIFE SERVICE, an agency of the U.S. Department of Interior,<br><br>Defendants. | CV 12–150–M–DLC<br><br>ORDER |

Before the Court is Defendants' motion to dissolve the injunction issued on June 24, 2013. Defendants argue the injunction should be lifted because they have complied with the Court's order on remand by remedying their procedural shortcut regarding Section 7 of the Endangered Species Act ("ESA"). Plaintiffs oppose the motion, contending Defendants' consultation was inadequate, the biological assessment fails to address the wolverine, and for their previously argued reasons involving impacts to grizzly bears and elk habitat. Defendants' motion will be granted and the injunction will be dissolved.

1

## I. Background

Plaintiffs' complaint sought to enjoin the Cabin Gulch Vegetation Treatment Project ("Project") for many reasons pursuant to the ESA, NEPA, and NFMA. The Court granted Plaintiffs' motion for summary judgment based on their argument that Defendants violated the ESA by improperly substituting an occupancy standard in determining whether lynx are a species that "may be present" in the Project area. The Project was therefore enjoined and remanded to the agencies to reexamine whether lynx "may be present" under the appropriate standard, and, if so, to carry out consultation pursuant to ESA Section 7.

Defendants reconsidered and determined that lynx are a species that "may be present" within the Project area. ESA Section 7 consultation was performed, and Defendants concluded that the Project was not likely to have significant adverse effects on lynx. In so concluding, the Fish and Wildlife Service ("FWS") revised its species list for the Helena National Forest to include lynx as a possible transient species. (Doc. 54-1.) The Forest Service then prepared a biological assessment in November 2013. (Doc. 54-2.) The biological assessment found the Project was not likely to adversely affect lynx, and FWS agreed with this conclusion. Defendants contend that this concurrence fulfilled their obligations under the ESA and the Court's remand, obviating the need for a continued

injunction of the Project.

## II.  Standard of Review

Courts may relieve a party from a final judgment or order if the judgment has been satisfied, released, discharged, or its application is no longer equitable. Fed. R. Civ. P. 60(b)(5).  The party seeking dissolution of the injunction bears the burden of establishing that a significant change in the facts or law has occurred. *Sharp v. Weston*, 233 F.3d 1166, 1170 (9th Cir. 2000).  "[O]nce a party carries this burden, a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes."  *Horne v. Flores*, 557 U.S. 433, 447 (2009)(internal citations omitted).

## III.  Discussion

### A.  ESA Section 7 Review

The Court enjoined the Project because Defendants improperly substituted a higher "occupancy" standard pursuant to ESA Section 4 when determining whether lynx "may be present" under ESA Section 7 consultation.  Section 7 requires an agency to ensure that no discretionary action will "jeopardize the continued existence of any endangered species or threatened species or result in the destruction or adverse modification of [critical] habitat of such species."  16 U.S.C. § 1536(a)(2); 50 C.F.R. § 402.12(a).  "Only after the [agency] complies

with § 7(a)(2) can any activity that may affect the protected [species] go forward." *P. Rivers Council v. Thomas*, 30 F.3d 1050, 1055–57 (9th Cir. 1994).

The Forest Service's first step in complying with Section 7 is to obtain from the Wildlife Service "a list of any listed or proposed species or designated or proposed critical habitat that *may be present* in the action area." 16 U.S.C. § 1536(c)(1); 50 C.F.R. § 402.12(c)–(d) (emphasis added). If FWS advises that a listed species or critical habitat may be present, the Forest Service must complete a biological assessment to determine if the proposed action "may affect" or is "likely to adversely affect" the listed species. 16 U.S.C. § 1536(c)(1); 50 C.F.R. §§ 402.12 (f), 402.14(a), (b)(1); *Forest Guardians v. Johanns*, 450 F.3d 455, 457 (9th Cir. 2006). Once the biological assessment is completed, it must be shared with FWS. 50 C.F.R. § 402.12(j). "If [FWS] advises that no listed species or critical habitat may be present, the Federal agency need not prepare a biological assessment and further consultation is not required." 50 C.F.R. § 402.12(d).

A determination by the Forest Service in a biological assessment that an action "may affect" a listed species or critical habitat gives rise to a consultation requirement under Section 7 of the ESA. *Karuk Tribe of Cal. v. U.S. Forest Serv.*, 681 F.3d 1006, 1027 (9th Cir. 2012). The Ninth Circuit holds that "the minimum threshold for an agency action to trigger consultation with the Wildlife Service is

low." *W. Watersheds Project*, 632 F.3d at 496. Consultation can be formal or informal. *Karuk Tribe of Cal.*, 681 F.3d at 1027. Formal consultation is necessary where the Forest Service has determined that an action is "likely to adversely affect" a listed species. Formal consultation is not required if the Forest Service finds, either in its biological assessment or through informal consultation, that while a project "may affect" a listed species, the species is "not likely to be adversely affected" and the Wildlife Service concurs in writing. 50 C.F.R. §§ 402.12(j)–(k), 402.14(b)(1), 402.13(a).

The Administrative Procedure Act governs review of agencies' actions under Section 7. *W. Watersheds Project,* 632 F.3d at 496 (citation omitted). The Court must determine whether the agencies' actions were "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id.* (citation omitted). "Deference to an agency's technical expertise and experience is particularly warranted with respect to questions involving scientific matters." *United States v. Alpine Land & Reservoir Co.*, 887 F.2d 207, 213 (9th Cir. 1989).

The Court identified various evidence brought forth by Plaintiffs that lynx may be present in the Big Belt mountain range in its prior order, and required Defendants to consider this evidence under the proper "may be present" standard rather than the "occupancy" standard. Defendants did so, and prepared a

5

biological assessment. Plaintiffs now argue Defendants' biological assessment is deficient and misleading because they did not perform adequate lynx surveys in the Project area, and ignored key findings from its own documents. Plaintiffs also argue that the wolverine should have been analyzed in the biological assessment because FWS listed it as a proposed ESA species that may be present in the Project area. Defendants respond that they complied with the Court's limited remand; Plaintiffs' claims regarding new ESA issues require a new lawsuit after the 60-day jurisdictional notice requirement; and, even if the Court had jurisdiction over the new ESA claims, they lack merit.

**B. 60-day Notice and Amendment**

Plaintiffs' claims regarding Defendants' post-remand actions allege separate and distinct causes of action compelling a new complaint. Plaintiffs sent Defendants a 60-day notice on March 31, 2014. (Doc. 65 at 8.) However, Plaintiffs argue they may amend their complaint in this lawsuit to plead additional claims in support of their current ESA arguments, rather than filing a new lawsuit.

"Pursuant to section 1540(g) of the ESA, a citizen-plaintiff wishing to file suit against an alleged ESA violator must provide the Secretary of the Interior and the alleged ESA violator with written notice of the alleged violations sixty days prior to initiating suit in district court." *Pacific Coast Federation of Fisherman's*

*Associations v. U.S. Bureau of Reclamation*, 2006 WL 1469390, *8 (N.D. Cal. 2006) (citing 16 U.S.C. § 1531). Section 1540(g) is jurisdictional in nature and is strictly enforced. *Southwest Ctr. for Biological Diversity v. U.S. Bureau of Reclamation*, 143 F.3d 515, 520 (9th Cir.1998); *Marbled Murrelet v. Babbitt*, 83 F.3d 1068, 1072 (9th Cir. 1996). "The purpose of the 60-day notice provision is to put the agencies on notice of a perceived violation of the statute and an intent to sue. When given notice, the agencies have an opportunity to review their actions and take corrective measures if warranted. The provision therefore provides an opportunity for settlement or other resolution of a dispute without litigation." *Southwest Ctr. for Biological Diversity*, 143 F.3d at 520.

Federal Rule of Civil Procedure 15(d) allows supplemental pleadings on motion with reasonable notice for any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. Although supplemental pleading is favored in the correct circumstances, it cannot be used to bring forth distinct and new causes of action. *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997). The goal of Rule 15(d) is judicial efficiency, and supplementation is appropriate where the entire controversy can be settled in one action. *Id.* "The courts have generally granted motions to supplement under FRCP 15(d) where a matter is still pending, and final

7

judgment has not yet been entered." *Western Watershed Project v. U.S. Forest Service*, 2009 WL 3151121 *2 (D.Idaho 2009). When a final disposition has been entered in a case, supplementation is generally appropriate only when the Court's remand required a party to comply with "broad, aspirational directives" and the Court's retention of jurisdiction is needed to enforce compliance. *Planned Parenthood*, 130 F.3d at 403.

> [A] court ordinarily will be reluctant to allow leave to amend to a party against whom summary judgment has been entered. We note that much of the value of summary judgment procedure in the cases for which it is appropriate ... would be dissipated if a party were free to rely on one theory in an attempt to defeat a motion for summary judgment and then, should that theory prove unsound, come back long thereafter and fight on the basis of some other theory.

*Nyugen v. United States*, 792 F.2d 1500, 1503 (9th Cir. 1986)(internal citations omitted).

The purpose of the 60-day notice requirement under the ESA would be defeated if the Court permitted Plaintiff to amend its complaint to add new ESA claims at this point. The Court issued a narrow and limited remand to the agencies in its Order on Summary Judgment, and denied Plaintiffs' remaining claims. Defendants reviewed the lynx evidence under the correct standard and performed the analysis the Court ordered under Section 7 to determine whether lynx may be present in the Project area. After reviewing the evidence set forth by Plaintiffs at

8

the summary judgment stage regarding lynx presence, Defendants agreed that the evidence met the low standard for further action and prepared a biological assessment. These actions complied with the Court's Order regarding implementation of ESA procedure, and Plaintiffs' other arguments do not pertain to the underlying reason for the injunction. To the extent Plaintiffs are unsatisfied with the method in which Defendants carried out the Court's remand, they may reinitiate the litigation process accordingly. Defendants have satisfied the Court's judgment and the limited injunction issued, and thus their motion to dissolve the injunction will be granted.

Supplementation of the complaint under Rule 15(d) is not appropriate for several reasons. First, Plaintiffs have not filed a motion under Rule 15(d); rather, they mention amending their pleadings in a footnote in their response to the motion to dissolve the injunction. Overlooking this procedural flaw, Plaintiffs do not meet any of the standards supporting supplementation. A final judgment has been entered in this case, and any implied retention of jurisdiction attached to the injunction is mooted by the Court's dissolution of the injunction. *See Center for Biological Diversity v. Salazar*, 2010 WL 3924069 *4 (D.Ariz. 2010). The Court did not otherwise specifically retain jurisdiction in this case, nor is judicial intervention required to enforce Defendants' compliance with the injunction, as

was the case in *Griffin v. County Sch. Bd.*, 377 U.S. 218 (1964). The Court's injunction here is not a broad, aspirational directive as in *Griffin*, where the Court ordered the Virginia school system to systematically end discrimination.

Although the actions challenged by Plaintiffs regarding deficiencies in the biological assessment pertaining to Lynx Analysis Unit BB-06, the South Belts Ecosystem Watershed Analysis, the Northern Rockies Lynx Management Direction Biological Opinion, and the wolverine do discuss some events occurring after the complaint was filed, they are more akin to separate and distinct causes of action than those properly contained in a supplemental pleading. Defendants have corrected the procedural flaw outlined by the Court's Order on Summary Judgment, and allowing Plaintiffs to supplement the complaint to add new claims at this stage in the proceedings would inappropriately prolong this litigation.

Judicial economy does not support supplementing the complaint here because a final judgment has been entered and Plaintiffs' arguments raise new issues best resolved by a new cause of action, if necessary. However, if a new cause of action concerning this Project is filed in this division, the Court will review the complaint to determine if judicial efficiency is best served by assigning the case to the undersigned.

IT IS ORDERED that Defendants' motion to dissolve the injunction (Doc.

53) is GRANTED. Defendants have complied with the June 24, 2013 Order enjoining the Project. The Clerk is directed to notify the parties of the entry of this order dissolving the injunction previously entered.

DATED this 23rd day of April, 2014.

_____
Dana L. Christensen, Chief District Judge
United States District Court